UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

SUSANNE BOYD,

Case No. 2:23-cv-7459

Plaintiff,

**COMPLAINT**

- against -

**JURY TRIAL DEMANDED**

WILLIAM W. LANSBURY,

Defendant.

-----------------------------------------------------------------------X

Plaintiff SUSANNE BOYD, by and through her attorneys, for her complaint against the above-captioned defendant WILLIAM W. LANSBURY, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      This case is filed pursuant to the Adult Survivors Act (N.Y. C.P.L.R. §214-j) on behalf of Plaintiff Susanne Boyd who was violently sexually abused and assaulted by Defendant William W. Lansbury in Huntington, New York in June of 1984.

2.      On or about June 13-14, 1984, when the Plaintiff Susanne Boyd was approximately twenty (20) years old, Defendant William W. Lansbury engaged in unpermitted and intentional sexual conduct with the plaintiff which would constitute a sexual offense as defined in New York Penal Law Article 130 resulting in physical, psychological and other injuries to the Plaintiff.

## THE PARTIES

3.      Plaintiff Susanne Boyd (hereinafter "Plaintiff") is a natural person and a resident and domiciliary of Suffolk County, State of New York.

4.      At the time of the alleged acts described herein, the Plaintiff was known by her maiden name Susanne Dyer before she later married, and her name was legally changed to Susanne Boyd.

5.      At the time of the alleged acts described herein, the Plaintiff was a resident and domiciliary of Suffolk County, State of New York.

6.      Defendant William W. Lansbury (hereinafter "Lansbury") is a natural person and a resident and domiciliary of the State of New Jersey.

7.      At the time of the alleged acts described herein, Lansbury was a resident and domiciliary of Suffolk County, State of New York.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this judicial district.

10.     This Court has personal jurisdiction over Defendant Lansbury pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a) 2 and Federal Rule 4 (k)(1)(A).

## FACTUAL ALLEGATIONS

11.     On the evening of June 13, 1984, the Plaintiff went to the Artful Dodger Pub (hereinafter "Artful Dodger") in Huntington, New York with friends.

12.     The Plaintiff spent most of that evening dancing with friends.

13.     During the evening, when the Plaintiff took a break from dancing, she approached the bar to order a drink and while she was standing at the bar, Lansbury, who was seated in a bar stool next to the Plaintiff, engaged the Plaintiff in conversation.

14.     After the Plaintiff commented how hot it was inside the Artful Dodger, Lansbury asked the Plaintiff if she wanted to go outside to get some fresh air and Lansbury and the Plaintiff walked outside.

15.     Once outside, Lansbury asked the Plaintiff to take a walk to his vehicle with him because he was going to move the vehicle to a parking spot closer to the Artful Dodger from where it had been parked, and the Plaintiff accompanied Lansbury to his vehicle, with the intention of returning to the Artful Dodger once Lansbury moved his vehicle closer to the establishment.

16.     When they reached Lansbury's vehicle, Plaintiff entered the front passenger seat of Lansbury's vehicle with the understanding that Lansbury was going to move the vehicle to a parking spot closer to the Artful Dodger before they proceeded back inside the Artful Dodger.

17.     After entering the vehicle, Lansbury did not drive the vehicle to a parking spot closer to the Artful Dodger as promised, but instead, against the Plaintiff's will, Lansbury drove her to a secluded location and parked his vehicle.

18.     After parking his vehicle, Lansbury began to subject the Plaintiff to unwanted touching, proceeding to place his hand between the Plaintiff's legs and up the Plaintiff's skirt against her will.

19.     The Plaintiff grabbed Lansbury's arm and told him to stop, pushed Lansbury's arm away and smacked him in the face.

20.     Lansbury then forcibly smacked the Plaintiff in the face and gave the Plaintiff a blow to her stomach knocking the wind out of the Plaintiff.

21.     Lansbury then proceeded to get on top of the plaintiff and lowered the seat back of the passenger seat.

22.     After Lansbury forcibly struck the Plaintiff, knocked the wind out of her, and got on top of her, and while the Plaintiff was in apprehension of imminent harm and continued offensive contact by Lansbury, Lansbury raped Plaintiff by having forcible sexual intercourse with Plaintiff against her will.

23.     Plaintiff was a virgin when Lansbury raped her.

24.     Lansbury told the Plaintiff after raping her that he knew she was a virgin.

25.     After raping the Plaintiff, Lansbury stepped out of his vehicle where he was shaking hands with his male friends who had come upon the scene of the incident.

26.     In fear of further forcible sexual conduct from Lansbury, and while in shock, the Plaintiff demanded that Lansbury bring her back to the Artful Doger so she could meet her friends and Lansbury proceeded to drive the Plaintiff and dropped her off approximately one block away from the Artful Dodger.

27.     After being dropped off, and while walking towards the Artful Dodger, the Plaintiff encountered her brother's friend who gave her a ride home.

28.     After the Plaintiff went home that night, she spent a considerable amount of time in her bedroom over the next several weeks and called in sick to work multiple times reliving in her head the trauma of the rape that was caused by Lansbury.

29.     The Plaintiff did not immediately inform her parents of the rape due to the fear, shock, embarrassment, and emotional trauma of the attack, however after several weeks, the Plaintiff informed her mother of the rape only after her mother, while noticing a drastic change in the Plaintiff's behavior, insisted that the Plaintiff tell her why she refused to leave her room and why she was calling in sick to work.

30. The Plaintiff's mother took her to a doctor to be examined at which time she was given a pregnancy test which revealed that she was pregnant.

31. Lansbury was arrested in connection with the rape and sexual assault of the Plaintiff in 1984, arraigned and charged with a felony by the Suffolk County Police Department in Suffolk County, New York and the case was presented to a Grand Jury by the Suffolk County District Attorney's Office.

32. Although the doctor that the Plaintiff was taken to offered to abort the pregnancy, the Plaintiff having been raised in the Catholic Faith, made the decision to give birth to the child.

33. The Plaintiff was connected to Catholic Charities by her local parish of St. Matthew's and Catholic Charities provided the name of a residence operated by Catholic Nuns in Fishkill, New York where the Plaintiff was initially sent to live while she was pregnant.

34. After experiencing much emotional distress from the attack by Lansbury, compounded by the separation from her family and humiliation by the nuns that operated the Fishkill residence, the Plaintiff was eventually relocated sometime after the Christmas Holiday to the Catholic Charities Regina Residence in Merrick, New York where she remained for the next several months until she gave birth to her daughter Mary Elizabeth in March of 1985 at Mercy Hospital.

35. Mary Elizabeth was placed with her adoptive parents shortly after the Plaintiff gave birth to her.

36. Years later Mary Elizabeth met her biological mother/Plaintiff.

37. Upon information and belief, Lansbury later married and had his own children.

38. Lansbury's adult daughter contacted Mary Elizabeth through an ancestry service upon learning through DNA that there was a match and the two discovered that they were half-sisters.

## AS AND FOR A FIRST CAUSE OF ACTION FOR BATTERY

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in this complaint marked and designated 1 through 38, inclusive, with the same force and effect as if hereafter set forth at length.

40. Lansbury committed battery against the Plaintiff when he forcibly raped, violently struck, sexually assaulted and groped her.

41. Lansbury intentionally, and without the Plaintiff's consent, attacked the Plaintiff to satisfy his own sexual desires.

42. Lansbury's physical contact with the Plaintiff was offensive, extreme, outrageous and wrongful under all the circumstances.

43. Lansbury continued to attack and rape the Plaintiff despite her attempts to fight against him.

44. Lansbury's conduct was the direct and proximate cause of the Plaintiff's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, emotional distress, mental anguish, embarrassment and invasion of privacy.

45. Lansbury's actions constitute sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to, rape in the first degree (§ 130.35), rape in the third degree (§ 130.25), sexual abuse in the first degree (§ 130.65), sexual abuse in the third degree (§ 130.55), sexual misconduct (§ 130.20), and forcible touching (§ 130.52).

46. The Plaintiff's claim for battery is timely under the Adult Survivors Act, N.Y. C.P.L.R. § 214-j.

## AS AND FOR A SECOND CAUSE OF ACTION FOR ASSAULT

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in this complaint marked and designated 1 through 46, inclusive, with the same force and effect as if hereafter set forth at length.

48. Lansbury's intentional, abusive and unlawful acts against the Plaintiff created a reasonable apprehension in the Plaintiff's mind of immediate harmful or offensive contact to the Plaintiff's person, all of which were done intentionally by Lansbury to satisfy his own sexual desires and without the Plaintiff's consent.

49. Lansbury's assault on the Plaintiff was the direct and proximate cause of the Plaintiff's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, emotional distress, mental anguish, embarrassment and invasion of privacy.

50. Lansbury's actions constitute sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to rape in the first degree (§ 130.35), rape in the third degree (§ 130.25), sexual abuse in the first degree (§ 130.65), sexual abuse in the third degree (§ 130.55), sexual misconduct (§ 130.20), and forcible touching (§ 130.52).

51. The Plaintiff's claim for assault is timely under the Adult Survivors Act, N.Y. C.P.L.R. § 214-j.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in this complaint marked and designated 1. through 51, inclusive, with the same force and effect as if hereafter set forth at length.

53.     Lansbury engaged in extreme and outrageous conduct towards the Plaintiff beyond all possible bounds of decency.

54.     Lansbury acted with the intention to cause, and/or with reckless disregard of a substantial probability of causing, the Plaintiff to suffer severe emotional distress, by sexually assaulting and raping her.

55.     Lansbury's conduct directly resulted in the Plaintiff's severe emotional distress.

56.     Lansbury's extreme and outrageous conduct towards the Plaintiff was the direct and proximate cause of the Plaintiff's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, emotional distress, mental anguish, and embarrassment and invasion of privacy.

57.     Lansbury's actions constitute sexual offenses as defined in Article 130 of the New York Penal Law, including but not limited to rape in the first degree (§ 130.35), rape in the third degree (§ 130.25), sexual abuse in the first degree (§ 130.65), sexual abuse in the third degree (§ 130.55), sexual misconduct (§ 130.20), and forcible touching (§ 130.52).

58.     The Plaintiff's claim for intentional infliction of emotional distress is timely under the Adult Survivors Act, N.Y. C.P.L.R. § 214-j.

59.     As a proximate result of the aforementioned assault and battery committed against the Plaintiff, she has suffered and continues to suffer extreme mental distress, humiliation, embarrassment, anguish, and emotional injuries, in an amount of damages to be proven at trial.

60.   By reason of the foregoing, the Plaintiff is entitled to compensatory damages from Lansbury in such sums as a jury would find fair, just, and adequate.

61.   Lansbury committed the acts alleged herein intentionally, maliciously, and with the wrongful intention of injuring the Plaintiff, all to satisfy his own sexual desire, and in conscious disregard of the Plaintiff's rights, entitling the Plaintiff to recover punitive damages in an amount to be proven at trial.

## JURY TRIAL DEMANDED

62.   The Plaintiff demands a trial by jury on every issue triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Susanne Boyd respectfully requests judgment against Defendant William W. Lansbury on each claim for relief as follows:

a.   Compensatory damages in an amount to be determined at trial;

b.   Punitive damages in an amount to be determined at trial;

c.   Awarding Plaintiff pre and post judgment interest, costs and disbursements;

d.   Such other and further relief deemed just and proper.

Dated: October 5, 2023          Respectfully submitted,

LEWIS JOHS AVALLONE AVILES, LLP
By:    /s/ John B. Saville
John B. Saville, Esq.
Michael J. Del Piano, Esq.
Teresa L. Staiano, Esq.
1377 Motor Parkway, Suite 400
Islandia, New York 11749
(631) 755-0101
jbsaville@lewisjohs.com
mjdelpiano@lewisjohs.com
tlstaiano@lewisjohs.com
*Attorneys for Plaintiff Susanne Boyd*