UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 23-CV-7459 (RER) (SIL)

———————————

SUSANNE BOYD

VERSUS

WILLIAM W. LANSBURY

———————————

**MEMORANDUM & ORDER**

March 28, 2025

———————————

**RAMÓN E. REYES, JR., District Judge:**

This is a sexual assault, battery, and intentional infliction of emotional distress case brought under the Adult Survivors Act, N.Y. C.P.L.R. §214-j ("ASA"). The Court has diversity jurisdiction pursuant to 28 U.S.C. §1332, as plaintiff is a citizen of New York and defendant is a citizen of New Jersey. (ECF No. 1 ("Compl.") ¶¶ 3, 6). Plaintiff and counterdefendant Susanne Boyd ("Plaintiff") alleges defendant and counterclaimant William W. Lansbury ("Defendant") violently assaulted her in 1984, resulting in Plaintiff being sent to live apart from her family until the birth of their daughter. (Compl. ¶¶ 33–34). Before the Court is Plaintiff's motion to dismiss Defendant's counterclaims. (ECF Nos. 26-29). After carefully reviewing the record, and for the reasons set forth herein, Plaintiff's motion is GRANTED, and the counterclaims are DISMISSED.

## BACKGROUND

I. <u>Factual Background</u>

On June 13, 1984, Plaintiff and Defendant met at a bar in Huntington, New York. (Compl. ¶ 11). Plaintiff claims that after speaking with Defendant, Defendant asked her to accompany him outside, invited her to join him while he moved his vehicle, then unexpectedly drove Plaintiff to a secluded area, and raped her. (Compl. ¶¶ 11–23). The complaint contains specific facts detailing the incident which need not be restated here. (*Id.*) As relevant for the purposes of this motion, Defendant claims the encounter was consensual. (ECF No. 19 ("Am. Ans.") ¶¶ 25–32). Plaintiff alerted the Suffolk County Police Department of the incident in 1984, and Defendant was arrested and brought before a grand jury, but no charges were formally brought. (Compl. ¶ 31; Am. Ans. ¶¶ 43–44). Plaintiff became pregnant and gave birth to a child, of whom Defendant is the biological father. (Compl. ¶¶ 30–34; Am. Ans. ¶ 37, 51).

II. <u>Procedural History</u>

Plaintiff filed her complaint on October 5, 2023. (Compl.). Defendant responded with an answer and counterclaims. (ECF No. 6 ("Ans.")). On December 18, 2023, Plaintiff timely wrote by letter seeking leave to move to dismiss the counterclaims. (ECF No. 11). District Judge Gary R. Brown, before whom the matter was then pending, scheduled a premotion conference to discuss the proposed motion and ordered Defendant to respond. (Order Dated 12/19/2023).[1] Defendant responded by letter in opposition on January 5,

---

[1] This matter was subsequently reassigned to the undersigned. (Order Dated 1/11/2024).

2024. (ECF No. 13). On March 5, 2024, counsel appeared for a pre-motion conference. (ECF No. 18). Defendant was granted leave to amend the counterclaims. (*Id.*)

On March 16, 2024, Defendant filed his amended answer and counterclaims. (Am. Ans.). Therein, Defendant brought one named and three unnamed counterclaims, which are read as an attempt to plead the following: (1) abuse of legal process; (2) defamatory injury to reputation; (3) intentional or malicious harm to another; and (4) intentional infliction of emotional distress. (Am. Ans. ¶¶ 47–82). On July 22, 2024, after extensions granted by the Court, Plaintiff filed a fully briefed motion to dismiss the counterclaims (ECF No. 26; ECF No. 27 ("Pl. Mem.")); Defendant opposed (ECF No. 28 ("Opp.")); and Plaintiff replied (ECF No. 29). In sum, Plaintiff argues Defendant fails to state a claim because: (1) the absolute litigation privilege bars his counterclaims; (2) the counterclaims are outside the applicable statutes of limitations; and (3) Defendant's allegations are otherwise implausible rather than based in fact. (*See* Pl. Mem.). The Court agrees.

## **LEGAL STANDARD**

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, all well-pleaded factual allegations are accepted as true, and all reasonable inferences are drawn in favor of the non-moving party. *Josie Maran Cosms., LLC v. Shefa Grp. LLC*, 624 F. Supp. 3d 281, 286 (E.D.N.Y. 2022) (citing *Trs. of the Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016)). The same pleading standards that apply to complaints are used to assess counterclaims. *See Josie Maran*, 624 F. Supp. 3d at 286 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Thus, counterclaims "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007) (quotation marks omitted)); *see* Fed. R. Civ. P. 8(a)(2). The facts considered are generally those "stated on the face of the complaint, documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken." *Goel v. Bunge*, 820 F.3d 554, 559 (2d Cir. 2016) (quotations omitted). Assumptions, legal conclusions, and speculation are not enough to survive a motion to dismiss. *Iqbal*, 556 U.S. at 679. The parties agree that New York substantive law applies to Defendant's counterclaims, but Rule 8(a) of the Federal Rules of Civil Procedure, rather than Rule 9, applies to the sufficiency of the pleadings. *See Thorsen v. Sons of Norway*, 996 F. Supp. 2d 143, 163 (E.D.N.Y. 2014) ("Although New York law sets a heightened pleading standard for defamation claims . . . New York pleading requirements do not apply to a case in federal court.").

## **DISCUSSION**

I.  The Litigation Privilege Bars Defendant's Counterclaims

The litigation privilege protects litigants against retaliatory claims based on material statements made in anticipation of litigation. *See Gottwald v. Sebert*, 40 N.Y.3d 240, 253-54 (2023) (citing first *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 718 (2015), then quoting *Youmans v. Smith*, 153 N.Y. 214, 219 (1897)); *see also* Civil Rights Law § 74. "Statements made in the course of judicial proceedings are absolutely privileged and therefore may not form the basis of a claim for defamation." *Lader v. Delgado*, 941 F. Supp. 2d 267, 272 (E.D.N.Y. 2013) (first citing *D'Annunzio v. Ayken, Inc.*, 876 F. Supp. 2d 211, 216–17 (E.D.N.Y. 2012), then citing *Conte v. Newsday, Inc.*, 703 F.Supp.2d 126, 146 (E.D.N.Y.2010)). In his pleadings, Defendant does not put forth any statements made by Plaintiff about Defendant that were not from either her original allegations in 1984 or

4

contained within her complaint. (*See, e.g.,* Am. Ans. ¶¶ 38, 41, 57–58). Defendant points broadly to "any legal aggregator website, such as . . . www.justia.com" as a source for such statements (*Id.* ¶ 57), but these sites would merely provide a synopsis of this very litigation. Accordingly, these statements are fundamentally protected. *See Gottwald*, 40 N.Y.3d at 253 (citing *Rosenberg v. MetLife, Inc.*, 8 N.Y.3d 359, 365 (2007)); *see also Kong v. Dajin Reality, Inc.*, No. 23-CV-1536 (FB) (CLP), 2024 WL 168325, at *3 (E.D.N.Y. Jan. 16, 2024) (citing *O'Brien v. Alexander*, 898 F. Supp. 162, 171 (S.D.N.Y. 1995), *aff'd*, 101 F.3d 1479 (2d Cir. 1996)).

Defendant argues *Gottwald* does not apply because that case concerned the statements of lawyers rather than parties. (ECF No. 12 at 2). However, New York law does not require the statement to be made by lawyers for the privilege to apply, just that the statement be "pertinent to the litigation anticipated in good faith." *Feist v. Paxfire, Inc.*, No. 11 Civ. 5436 (LGS), 2017 WL 177652, at *5 (S.D.N.Y. Jan. 17, 2017); *see also Chord Assocs., LLC v. Protech 2003-D, LLC*, No. 07-CV-5138 (JFB) (AKT), 2010 WL 3780380, at *3 (E.D.N.Y. Sept. 21, 2010). Under this "extremely liberal" standard, it is not merely the pleadings themselves that are protected, but any statements that "are at all pertinent to the underlying proceeding." *Chord Assocs.*, 2010 WL 3780380, at *3. Thus, the statements Defendant references are protected by this privilege.

II.     <u>The Counterclaim Allegations Lack Sufficient Factual Matter to Survive Dismissal</u>

The Court need not decide whether Defendant's counterclaims are timely, as the counterclaims lack merit due to the insufficiency of factual matter provided. Defendant simply fails to state facts to uphold each counterclaim. The counterclaim is riddled with conclusory statements, for example, referring to the "perverted manner" of the complaint,

5

and referring to "blackmail and retribution," without any factual support. (Am. Ans. ¶¶ 50, 52). Defendant's opposition relies on these conclusory statements in attempts to reduce Plaintiff's serious allegations to "hoary lies." (Opp. at 5). To further support his counterclaim of defamation, Defendant submits screenshots of an online messaging conversation between Plaintiff's daughter and Defendant's second child about Plaintiff's claim that Defendant raped her. (Opp. at 10–12). However, in considering a 12(b)(6) motion to dismiss, this extrinsic material may properly be ignored by the Court, as it was not included in the pleadings despite Defendant having a chance to amend. *Goel*, 820 F.3d at 556.

Under New York law, "the institution of a civil action by summons and complaint is not legally considered [a] process capable of being abused." *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 106 (S.D.N.Y. 2020) (quoting *Curiano v. Suozzi*, 63 N.Y.2d 113, 114 (1984)). Defendant's repeated assertions that the complaint was based on false premises is also unavailing to support a defamation claim. *Jeri v. Great Neck Cleaner & Hand Laundry, Inc.*, No. 18-CV-01089, 2019 WL 718541, at * 4 (E.D.N.Y Feb. 20, 2019) ("The appropriate remedy for any deficiencies in the Plaintiff's claim is . . . not a separate cause of action for abuse of process."). Defendant's repeated arguments made in support of any intent to inflict emotional distress, or other tort claims, are entirely duplicative of those made in attempts to state an abuse of process claim, defamation claim, or discredit the factual nature of the complaint, and therefore, require dismissal. *See Hengjun Chao v. Mount Sinai Hosp.*, 476 F. App'x 892, 895 (2d Cir. 2012) (affirming dismissal of duplicative claims that sound in defamation) (citing *Jain v. Sec. Indus. and Fin. Mkts. Ass'n.*, No. 08 Civ. 6463, 2009 WL 3166684, at *9 (S.D.N.Y. Sept. 28, 2009)); *LaNasa v. Stiene*, No. 22-

cv-5686, 2024 WL 1648001 (E.D.N.Y. April 17, 2024) (alleged defamatory statements do not form an intentional infliction of emotional distress claim) (citing *Coleman v. Grand*, 523 F. Supp. 3d 244, 267 (E.D.N.Y. 2021)).

In sum, Defendant's attacks on the credibility of the complaint cannot prop up counterclaims. Defendant's arguments are more appropriate for a fact finder to consider after discovery, in deciding whether Plaintiff can meet her burden of proof on her own claims.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to dismiss the counterclaims is GRANTED.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.

Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2025.03.28 11:08:43 -04'00'

———————————————

RAMÓN E. REYES, JR.
United States District Judge

Dated: March 28, 2025
       Brooklyn, NY